<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY</u>

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  :<br>                                                  :<br>            Plaintiff,               :<br>                                                  :<br>       v.                                      :<br>                                                  :<br>JOSE R. CERBANTES,         :<br>                                                  :<br>            Defendant.           :<br>                                                  : | Criminal Action No. 07-122 (JAG)<br><br>**OPINION** |

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before this Court on the motion to dismiss, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 <u>et</u> <u>seq.</u>, by defendant Jose R. Cerbantes ("Cerbantes" or "Defendant"). For the reasons set forth below, this motion shall be denied.

### I. FACTS

On October 30, 2006, a criminal complaint (the "Complaint") was filed in this Court, stating that Cerbantes knowingly and intentionally conspired to distribute and possess with the intent to distribute five or more kilograms of cocaine.[1] (Docket Entry No. 1.) According to the Complaint, law enforcement officers observed Cerbantes drive a pickup truck from a garage in Palisades Park, New Jersey to a location in Pennsylvania, "where two other individuals then took control of the truck." (<u>Id.</u>) "Soon thereafter, members of law enforcement recovered approximately 24 kilograms of cocaine from the truck." (<u>Id.</u>) Cerbantes was charged in the

---

[1] Cerbantes was arrested in Pennsylvania on October 29, 2006.

Eastern District of Pennsylvania in connection with the twenty-four kilograms of cocaine (Id.), but the complaint was ultimately dismissed on or about November 29, 2006.

On February 14, 2007, Cerbantes filed the instant motion to dismiss, arguing that the Government's failure to indict Cerbantes within thirty days of his arrest violated the Speedy Trial Act. (Docket Entry No. 18.) On February 15, 2007, Magistrate Judge Arleo signed an order dismissing, without prejudice, the Complaint against Cerbantes, as per the request of the United States Attorney for the District of New Jersey. (United States v. Cerbantes, No. 06-mj-4055 (D.N.J. Feb. 16, 2007)). That same day, the Government filed an indictment against Cerbantes, stating that he and Luis Santiago-Gaston "did knowingly and intentionally conspire and agree with each other and with others to distribute and possess with intent to distribute 5 kilograms or more of cocaine . . . ." (Docket Entry No. 19.)

## II. ANALYSIS

After an individual is arrested, the Speedy Trial Act (the "Act") requires the Government to file an indictment charging that individual with the commission of an offense within thirty days of the arrest. 18 U.S.C. § 3161(b). However, the Act states,

> [i]f any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

18 U.S.C. § 3162(d)(1). Plaintiff avers that the Government violated the Speedy Trial Act

2

because it failed to indict Cerbantes or dismiss the complaint within the thirty-day period prescribed under the Act.

When a criminal complaint is dismissed at the behest of the Government, and the defendant is later indicted on the same charge, the thirty-day rule has not been violated. United States v. Mays, 771 F.2d 980, 983 (6th Cir. 1985) (holding that "the courts which have addressed this issue have uniformly held that the prior dismissal of a complaint without prejudice has no impact upon the subsequent filing of an indictment . . . ."); United States v. Long, 900 F.2d 1270, 1273-74 (7th Cir. 1990) (citing case law).  Stated differently, if the Government requests dismissal of a complaint, without prejudice, within thirty days after the defendant is arrested, and then indicts the defendant after the thirty day period has run, no violation of the Act has occurred. United States v. Miller, 23 F.3d 194, 197 n.3 (8th Cir. 1994).

This does not imply, however, that a dismissal of the complaint, without prejudice, more than thirty days after the arrest, violates the Speedy Trial Act.  "If the government fails to comply with this [thirty-day] time limit, the Speedy Trial Act requires the dismissal of charges in the complaint, with or without prejudice." United States v. Dyer, 325 F.3d 464, 467 (3d Cir. 2003); Miller, 23 F.3d at 196.  Here, Judge Arleo's Order dated February 15, 2007 expressly states that "[t]his dismissal is without prejudice."  That Order did not bar the Government from indicting Cerbantes on the same charges at a later date.  Cf. Miller, 23 F.3d at 196 ("When a court dismisses a complaint outside the thirty-day period and is silent as to whether the dismissal is with or without prejudice, a subsequently filed indictment should be dismissed only if the complaint should have been dismissed with prejudice.").  Since this Court granted the Government's request to dismiss the Complaint without prejudice, the Government could not

have violated the Speedy Trial Act by thereafter filing an indictment against Cerbantes.

### III.  CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss, pursuant to the Speedy Trial Act, shall be denied.  This Court's dismissal of the Complaint, without prejudice, allowed the Government to file an indictment against Defendant for the very same charges more than thirty days after the arrest.  There is no violation of the Speedy Trial Act.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: July 30, 2008